

Joseph L. Francoeur
212.915.5638 (direct)
Joseph.Francoeur@wilsonelser.com

October 17, 2014

Judge Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Wai Hoe Liew, et al v. Cohen & Slamowitz, et al.
Case No.: 2:14-cv-04868-KAM-MDG
Our File No.: 11471.00013

Dear Judge Matsumoto:

We represent defendants Cohen & Slamowitz, LLP ("C&S"), Mitchell Selip, Mitchell G. Slamowitz and David A. Cohen (collectively "Defendants") in the above captioned matter. Pursuant to your Chamber Practices and Rules section IV. A, Defendants respectfully request a pre-motion conference which is required prior to making a motion to dismiss pursuant to FRCP Rule 12.

The complaint asserts purported class action claims for violation of the Fair Debt Collection Practices Act, 15 USC 1692 ("FDCPA"). Set forth below are the bases for the anticipated motion.

<u>Time Barred:</u>

The claims of all three named class representatives are time-barred. As this Court recently recognized in *Lautman v. 2800 Coyle St. Owners Corp.*, 2014 U.S. Dist. LEXIS 72703 (E.D.N.Y. May 23, 2014), "FDCPA claims must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). With respect to the Liew plaintiff specifically, the complaint admits that the defendants were replaced as counsel by the Eltman, Eltman & Cooper firm on June 21, 2012 and Defendants performed no actions on this matter since then. As such, any claims against the Defendants are time-barred as they exceed the one-year statute of limitations for FDCPA claims.

Atwood's claims are similarly time-barred as the default judgment was entered on April 1, 2005. (Compl. ¶53). Atwood claims an April 2013 phone call shows the claim is timely (Compl. ¶56), but this purported call is also more than a year prior to filing of this action. Atwood also claims that after defendants were replaced as counsel in January 2014, defendants

150 East 42nd Street • New York, NY 10017 • p 212.490.3000 • f 212.490.3038

Albany • Baltimore • Boston • Chicago • Connecticut • Dallas • Denver • Garden City • Houston • Las Vegas • London • Los Angeles • Louisville • McLean
Miami • Milwaukee • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Washington, DC • West Palm Beach • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris

wilsonelser.com

6389140v.1



opposed an order to show cause in 2014 and this constituted collection activity. (Compl. ¶¶73-75). However, a closer look at the order to show cause reveals that it sought to release a bank account, which turns out was restrained by the creditor's successor law firm. Defendant's submission did not oppose the motion at all but rather provided a copy of a letter indicating that a restrained bank account from many years prior had already been released. There was no attempt to induce payment or collect a debt in defendant's submission, and thus this does not toll the statute.

Kayani, lastly, asserts claims arising from a July 9, 2003 default judgment. (Compl. ¶82). However, plaintiff does not allege any collection activity within the last year, and thus the claim remains time barred. (Compl. ¶¶83-85).

Plaintiffs contend their time-barred claims should be equitably tolled because default judgments that were served and questioned as being made by defunct process server Midlantic Process Inc. were not removed. Plaintiff's rely on 2011 decision in a case *Coble v. Cohen & Slamowitz, et. al.,* 824 F. Supp. 2d 568 (S.D.N.Y. 2011). However, in 2014 the court in *Coble*, by Judge Edgardo Ramos – approved the settlement agreement that *permits the very conduct* that is challenged here, namely by allowing the questioned default judgment to stand. The court in *Coble* found that there is no affirmative duty to go back and review all past filings involving Midlantic, and no affirmative duty to dismiss default judgments served by Midlantic. Quite the contrary, all previous judgment and restraints *are expressly permitted to continue*:

> 51. Defendants represent and warrant that they are not currently and will not in the future send collection letters with regard to judgments involving Midlantic affidavits of service, and that Defendants are not currently and will not in the future commence any new post judgment collection actions (e.g., wage garnishment, bank restraint, taking of liens, issuance of post-judgment discovery devices) with regard to judgments involving Midlantic affidavits of service. The Parties agree that this representation and warrant will not apply to post-judgment collection efforts that are already in place with regard to a particular account (e.g., already commenced wage garnishment, liens that are already in place, etc.). Class Counsel has found this representation and warranty to be acceptable, and it is to be treated as additional consideration to the Settlement Class and Settlement Subclass in exchange for their release.

*See* Document 63, filed 03/21/14, 11-cv-1037-ER.

Not only did class counsel agree to this resolution, *so did the Court* in its Final Approval Order – "The motion for Final Approval of the proposed settlement is GRANTED and the Parties are hereby ordered to consummate the settlement according to the terms of the Settlement Agreement and as set forth in this Final Order." *See* Document 90, filed 10/09/14, 11-cv-1037.

Additionally, counsel asserts class claims related to Defendants' actions of signing consent to change attorney forms when requested to do so by its clients. (Compl. ¶165). However, the only activity in changing attorneys is taken by the client, not the outgoing attorney. Furthermore, for such activity to be deemed "collection activity" it must be designed to induce or

6389140v.1



- 3 -

obtain payment. Defendants, in signing the consent to change attorney did the opposite – they complied with the client's wish that they stand down and take no further activity.

<u>Atwood has Identical Claims pending in an Additional Lawsuit:</u>

Atwood has brought another separate suit before This Court based upon these very facts, which pre-dates this action and should also preclude her participation in this action. The other Atwood matter is captioned *Elizabeth K. Atwood v. Cohen, et al. & Slamowitz, LLP et al*, is also pending before the Eastern District of New York and bears the index number 2:14-cv-02973-JFB-AKT.

<u>Kayani and Atwood Opted out of the Coble Class:</u>

By plaintiffs' own admission, plaintiffs in this matter are reasserting those same facts asserted in *Coble v. Cohen & Slamowitz*, Southern District of New York, Index No. 11-cv-1037. Plaintiffs also readily admit that both Atwood and Kayani were invited to be class members in the *Coble* matter and that both opted out. (Compl. ¶¶77, 96).

It is well settled both in Rule 23 of the Federal Rules as well as in case law, that neither Kayani nor Atwood can participate in an additional class action after having opted out from one on the same set of facts. "It is clear that named plaintiffs, like non-named plaintiffs, who opt out of a settlement no longer remain in the class in any capacity and if they wish to pursue their unique cases they must actively do so separate from the class." *Morris v. Affinity Health Plan, Inc.*, 928 F. Supp. 2d 805, 811 (S.D.N.Y. 2013) (citing *Martens v. Smith Barney, Inc.*, 190 F.R.D. 134, 139-40 (S.D.N.Y. 1999)).

<u>Counsel Mitchell Pashkin's Possible Conflict of Interest</u>

Defendants further reserve their rights to challenge Mr. Pashkin's ability to represent plaintiffs, pursuant to New York's Rules of Professional Conduct and the ABA Model Rules of Professional Conduct 1.7, 1.9 and 1.10. Mr. Pashkin was an Assistant Managing Attorney and Managing Attorney at Cohen & Slamowitz, LLP from 2011 until early 2014. While employed for Defendant C&S, he was integrally involved in defending C&S from the allegations raised in the *Coble* matter – the matter which plaintiff readily admits gives rise to the matter at hand.

<u>Proposed Briefing Schedule</u>

We propose that a pre-conference hearing be held during the week of November 3rd. Following that conference, we propose to file our motion to dismiss on November 25, 2014, plaintiff should submit an opposition on December 16, and our reply would be due on December 30, 2014.

If the Court needs any additional information, please do not hesitate to ask.

Very truly yours,
Wilson Elser Moskowitz Edelman & Dicker

Joseph L. Francoeur

cc.:   Mitchell L. Pashkin, Esq. and Jesse Langel, Esq.

6389140v.1