

Joseph L. Francoeur
212.915.5638 (direct)
Joseph.Francoeur@wilsonelser.com

November 4, 2014

VIA EMAIL

Mitchell L. Pashkin
Pashkin Law Office
775 Park Avenue
Suite 255
Huntington, NY 11743

Re:  *Liew, et al. v. Cohen & Slamowitz, et al.*
     USDC; EDNY 14-cv-04868 – KAM - MDG
     File No.: 11471.00013

Dear Mitchell:

As you know, we represent Cohen & Slamowitz, LLP ("Cohen & Slamowitz"), Mitchell Selip, Mitchell Slamowitz and David Cohen (collectively "Defendants") in the captioned matter.

In accordance with Judge Matsumoto's order that you obtain "declarations of consent" from your clients regarding your prior involvement in the *Coble* matter, we recognize that you are not able to ask Cohen & Slamowitz directly for their consent as they are represented by counsel. Thus, on behalf of our client Cohen & Slamowitz please note that our client does not consent.

Although you state that your involvement in the *Coble* matter amounted to no more than clerical work, the declarations you prepared for your clients Khurram Kayani and Michael Liew readily admit that you "provid[ed] information to Thomas Leghorn, Esq. … to help … complete the settlement of the *Coble* case." See ¶2.d., Docket Entries 13 and 14. In addition, we have evidence that you were directly involved in the matter and had access to material information concerning the matter, including but not limited to receiving and reviewing drafts of the settlement agreement, compiling class lists and participating in conference calls with Mr. Leghorn regarding the *Coble* settlement.

As we previously shared with you, the American Bar Association Standing Committee on Ethics and Professional Responsibility addressed an issue very similar to this one in 1999. They found that a former in-house lawyer, like yourself, has represented his former company (meaning that his former employer is also his former client) if he was directly involved in the matter at issue (in this case, *Coble*), and if he had access to material information concerning the matter. ABA Comm. On Ethics and Prof'l Responsibility, Formal Op. 99-415 (1999).

Accordingly, Cohen & Slamowitz is your former client with respect to the *Coble* matter.

150 East 42nd Street • New York, NY 10017 • p 212.490.3000 • f 212.490.3038

Albany • Baltimore • Boston • Chicago • Connecticut • Dallas • Denver • Garden City • Houston • Las Vegas • London • Los Angeles • Louisville • McLean
Miami • Milwaukee • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Washington, DC • West Palm Beach • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris

wilsonelser.com

6416958v.1



- 2 -

As a former client, you must obtain Cohen & Slamowtiz's consent according to the Model Rules of Professional Conduct. Rule 1.7 states that "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest [which] exists if . . . . the representation of one or more clients will be materially limited by the lawyer's responsibilities to . . . a former client." Model Rules of Prof'l Conduct R. 1.7 (2014). The duties that you owe to Cohen & Slamowtiz, as your former client, are described in Rule 1.9:

> (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person **in the same or a substantially related matter** in which that person's interests are materially adverse to the interests of the former client **unless the former client gives informed consent, confirmed in writing.** Model Rules of Prof'l Conduct R. 1.9 (2014) (Emphasis added).

Sincerely,

Wilson Elser Moskowitz Edelman & Dicker LLP

Joseph L. Francoeur

cc: VIA ECF
Judge Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

VIA ECF
Jesse Langel, Esq.
The Langel Firm
225 Broadway #700
New York, NY 10007

6416958v.1