UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
WAI HOE LIEW A/K/A MICHAEL W. LIEW,
KHURRAM KAYANI, AND ELIZABETH K.
ATWOOD A/K/A ELIZABETH KING,

                        Plaintiff,

                 -against-

COHEN & SLAMOWITZ, LLP, MITCHELL SELIP,
MITCHELL G. SLAMOWITZ, and DAVID A.
COHEN,

                        Defendants.
------------------------------------------------------------------ X

Case No.
**1:14-cv-04868-KAM-MDG**

**AFFIRMATION OF THOMAS A. LEGHORN IN SUPPORT OF DEFENDANTS' MOTION TO DISQUALIFY**

      I, Thomas A. Leghorn, an attorney duly admitted to practice before the courts of this state, aware of the penalties of perjury, affirm the truth of the following:

      1.    I am a member of the law firm of Wilson, Elser, Moskowitz, Edelman & Dicker LLP, attorneys for Defendants Cohen & Slamowitz, LLP ("C&S"), Mitchell Selip ("Selip"), Mitchell G. Slamowitz ("Slamowitz"), and David A. Cohen ("Cohen") (collectively "Defendants").

      2.    I was the main attorney of record on the *Coble v. Cohen & Slamowitz* matter, venued in the Southern District of New York, bearing the index number 10-CV-3920, and I represented defendants Cohen & Slamowitz, LLP, David Cohen, Esq., Mitchell Slamowitz, Esq., Leandre John, Esq. and Crystal S.A. Scott, Esq.

      3.    While I am constrained not to reveal in this public filing the detail of any privileged conversations that Mr. Pashkin participated in during the *Coble* litigation, I can attest to the subject matter of conversations that Mr. Pashkin was a participant, including but not limited to three substantive and critical subjects.

1

4. First, Mr. Pashkin participated in conversations which included the class plaintiff counsel's demands for more detailed information regarding and supporting the question of the net worth of C&S, a significant issue for plaintiffs under the Fair Debt Collection Practices Act.

5. Second, Mr. Pashkin participated in conversations regarding the sufficiency of the disclosure of the number of individuals that would ultimately make up the class and subclass lists.

6. Third, Mr. Pashkin participated in multiple conversations regarding the strategic reasoning for engaging in settlement, the scope of settlement, and strategic issues related to the formation of a sub-class.

7. While there were other conversational topics that Mr. Pashkin participated in, I identify the three topics above for the sole reason that they were substantive and critical to the defense of the *Coble* matter, and they involved discussion of highly confidential and privileged information belonging to C&S.

8. I have gone back to JAMS as well to confirm how Mr. Pashkin's name came to be on the distribution list for the arbitration award in Coble on the issue of counsel fees. I was advised by Judge Crane that his name was on the award because JAMS had his name on the JAMS file as having participated in the mediation on behalf of C&S.

WHEREFORE, it is respectfully requested that this Court grant the Defendants' Motion to Disqualify plaintiffs' attorney, Mitchell Pashkin in its entirety.

Dated: New York, New York
December 8, 2014

Thomas A. Leghorn