UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL HALLMARK,

                Plaintiff,

v.

COHEN & SLAMOWITZ, LLP and MIDLAND
FUNDING LLC d/b/a MIDLAND FUNDING OF
DELAWARE LLC,

                Defendants.

Civil Docket Number:
11-cv-0842 (WMS)(LGF)

**DECLARATION OF
THOMAS A. LEGHORN IN
SUPPORT OF MIDLAND
FUNDING LLC's MOTION
TO DISMISS**

STATE OF NEW YORK  )
                             )  ss.:
COUNTY OF NEW YORK )

      Thomas A. Leghorn, pursuant to 28 U.S.C. § 1746 hereby affirms that the following is true and correct.

      1.     I am a member of Wilson Elser Moskowitz Edelman and Dicker, LLP, counsel for the Defendant MIDLAND FUNDING LLC d/b/a MIDLAND FUNDING OF DELAWARE LLC ("Midland") and I am duly admitted to practice before the Courts of the State of New York and this Court.

      2.     This application is made in support of Midland's motion to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(c).

      3.     Defendant Cohen & Slamowitz, by notice of motion dated January 10, 2013, sought the dismissal of the complaint pursuant to Fed. R. Civ. P. 12(c) and supported the motion with the declaration of its attorney, Daniel R. Ryan, sworn to the 10th day of January, 2013 and its supporting memorandum of law. Midland expressly incorporates these documents in support of its own motion.

4.    Apart from identifying Midland as a defendant within paragraph 6 to the complaint, the only other factual allegation directed at Midland is found within paragraph 10 which alleges upon information and belief that Midland "employed" the co-defendant Cohen & Slamowitz to collect on the plaintiff's debts.

5.    The complaint then goes on to allege in a conclusory and unsupported basis that "Midland is vicariously liable for the acts of Defendant Cohen . . . ." (Complaint ¶ 39). Accordingly, if the complaint is dismissed as to Defendant Cohen, it must be dismissed as to Midland.

6.    For these reasons and for all the arguments set forth fully within Cohen & Slamowitz's motion to dismiss, Midland seeks the dismissal of each and every cause of action within the complaint together with such other and further relief as this Court deems appropriate.

Dated: January 25, 2013
       New York, New York

_____
Thomas A. Leghorn

Sworn to before me this
25th day of January, 2013

_____
Notary Public

SHANE M. BIFFAR
NOTARY PUBLIC-STATE OF NEW YORK
No. 02BI6204485
Qualified in New York County
My Commission Expires June 08, 20 13

2

5358770v.1

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELIZABETH COBLE, MILAGROS HARPER, and
DENNIS HARPER, on behalf of themselves and all others
similarly situated,

                Plaintiffs,

-against-

COHEN & SLAMOWITZ, LLP, DAVID COHEN, ESQ.,
MITCHELL SLAMOWITZ, ESQ., LEANDRE JOHN,
ESQ., and CRYSTAL S.A. SCOTT, ESQ.,

                Defendants.

Civil No.:
11-CV-1037 (ER)(GAY)

---

## DECLARATION OF THOMAS A. LEGHORN IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO AMEND THE COMPLAINT

Thomas A. Leghorn hereby declares under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am a member of the Bar of this Court and a partner at the law firm of Wilson Elser Moskowitz Edelman & Dicker, LLP, counsel for Defendants Cohen & Slamowitz, LLP, David Cohen, Esq., Mitchell Slamowitz, Esq., Leandre John, Esq., and Crystal S.A. Scott, Esq. (collectively the "Defendants").

2. I make this declaration in support of Defendants' Opposition to Plaintiffs' Motion to Amend the Complaint.

3. Attached hereto as "Exhibit A" is a true and correct copy of the Affidavit of Leandre John, the Managing Attorney employed by Cohen & Slamowitz, LLP.

4. Attached hereto as "Exhibit B" is a true and correct copy of an excerpt from the deposition of Joseph Mauro, held in the above captioned matter on May 31, 2012.

Dated: New York, New York
        February 1, 2013

5379720v.1

Respectfully Submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER

By: _____
Thomas A. Leghorn
150 E. 42nd Street
New York, NY 10017
(212) 490-3000 (phone)
(212) 490-3038 (facsimile)
Our File No.: 11471.00003
thomas.leghorn@wilsonelser.com
*Attorney for Defendants*

To: Daniel A. Schlanger, Esq.
Schlanger & Schlanger, LLP
343 Manville Road
Pleasantville, New York 10570
daniel.schlanger@schlangerlegal.com
*Attorney for Plaintiffs*

Gary Klein, Esq.
Klein Kavanagh Costello, LLP
85 Merrimac Street, 4th Floor
Boston, MA 02144
klein@kkcllp.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Thomas A. Leghorn, certify that I am and at all times during service of process was not a party to the above matter nor less than 18 years of age. I further certify that on February 1, 2013, I served a true copy of DECLARATION OF THOMAS A. LEGHORN IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO AMEND THE COMPLAINT, using the CM/ECF system, which sent notification of such filing to the email address designated by the following for that purpose to:

Daniel Adam Schlanger
Schlanger & Schlanger, LLP
343 Manville Road,
Pleasantville, NY 10570

Gary Klein, Esq.
Klein Kavanagh Costello, LLP
85 Merrimac Street, 4th Floor
Boston, MA 02144

Under penalty of perjury, I declare that the foregoing is true and correct.

Dated: New York, New York
February 1, 2013

Thomas A. Leghorn

5379720v.1

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SALIHA MADDEN, on behalf of herself and all others similarly situated,

                              Plaintiff,

-against-

MIDLAND FUNDING, LLC and MIDLAND CREDIT MANAGEMENT, INC.

                              Defendants.

Civil No.: Civil No.: 7:11-cv-08149 (CS)

## DECLARATION OF THOMAS A. LEGHORN IN SUPPORT OF DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO LOCAL CIVIL RULE 56.1

Thomas A. Leghorn hereby declares under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am a member of the Bar of this Court and a partner at the law firm of Wilson Elser Moskowitz Edelman & Dicker, LLP, counsel for Defendants Midland Funding, LLC and Midland Credit Management, Inc.

2. I make this declaration in support of Defendants' Motion for Summary Judgment and Statement of Undisputed Material Facts pursuant to Local Civil Rule 56.1.

3. Attached hereto as "Exhibit 1" is a true and correct copy of the Complaint filed on November 10, 2011 in the above captioned action, *Saliha Madden, on behalf of herself and all others similarly situated v. Midland Funding, LLC and Midland Credit Management, Inc.*, Docket Number 7:11-cv-08149.

4. Attached hereto as "Exhibit 2" is a true and correct copy of the First Amended Complaint, filed on May 7, 2012 in the above captioned action, *Saliha Madden, on behalf of*

5351804v.1

*herself and all others similarly situated v. Midland Funding, LLC and Midland Credit Management, Inc.*, Docket Number 7:11-cv-08149.

5. Attached hereto as "Exhibit 3" is a true and correct copy of the Affidavit of Misael Moreno (the "Affidavit"), a Process Manager employed by Midland Credit Management, Inc.

6. Attached hereto as "Exhibit 4" is a true and correct copy of an excerpt from the "List of National Banks and Federal Branches and Agencies active as of 12/31/2012", compiled by the United States Office of the Comptroller of the Currency, accessible in PDF form at the following web address: http://occ.gov/topics/licensing/national-bank-lists/index-active-bank-lists.html.

Dated: New York, New York
January 25, 2013

    Respectfully Submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER

By: _____
Thomas A. Leghorn
150 E. 42nd Street
New York, NY 10017
(212) 490-3000 (phone)
(212) 490-3038 (facsimile)
thomas.leghorn@wilsonelser.com
*Attorney for Defendants*

To: Daniel A. Schlanger, Esq.
Schlanger & Schlanger, LLP
343 Manville Road
Pleasantville, New York 10570
daniel.schlanger@schlangerlegal.com
*Attorney for Plaintiff*

5351804v.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
PAUL KUHNE,                                                    )
                                                               )   07 CIV 1364(HB)(RLE)
                                    Plaintiff,                 )
                                                               )
                                                               )   **DECLARATION OF**
             -against-                                         )   **THOMAS A. LEGHORN IN**
                                                               )   **OPPOSITION TO MOTION**
COHEN & SLAMOWITZ, LLP, and MIDLAND                            )   **TO ENFORCE SETTLEMENT**
FUNDING NCC-2 CORP.,                                           )
                                                               )
                                                               )
                                    Defendants.                )
------------------------------------------------------------------------X

THOMAS A. LEGHORN, pursuant to 28 U.S.C. § 1746, states as follows:

1. I am the attorney for the Defendants, Cohen & Slamowitz, LLP and Midland Funding NCC-2 Corp.

2. This declaration is made in opposition to Plaintiff's motion to enforce the settlement. In short, if counsel is of the opinion that an agreement was never made for anything other than my clients to each pay $5,000 and receive nothing in return, then there was never a meeting of the minds and there was no settlement.

3. Counsel has selectively recreated the details of the negotiations. As counsel noted, this court granted summary judgment to my clients and the case at the trial level was at an end. Plaintiff then pursued an appeal which was argued to the Second Circuit. The Second Circuit chose to certify a question of law to the New York Court of Appeals. The New York Court of Appeals accepted the case and established a briefing schedule. Shortly before plaintiff's brief was due to be filed, I agreed to counsel's request for an adjournment. It was at that time that counsel for plaintiff raised the potential for settlement instead of incurring additional litigation costs. My response to him was to make a demand and I would take it to my client. I do not recall if the demand was made on that day or shortly thereafter but counsel did

2655823.1

advise that the cost of the case to date had been approximately $90,000 but that he was asking for $45,000. My response was that I would take it back to my clients but I was not optimistic because the only basis upon which we would consider settlement was to avoid further litigation costs. The demand was well beyond any figure that I thought my client would consider.

4. Plaintiff's new deadline for filing his brief was approaching and we resumed discussions. There came a point where the demand was lowered and I told counsel that all my clients would offer would be $5,000 each for a total of $10,000. In this same discussion, I mentioned that I had two clients and they had different approaches to settlement. One only required a general release and the other, Midland, had a policy of requiring a settlement agreement. Counsel made no indication that either point would be an issue. All of the above occurred before counsel starts his recitation of the facts on December 1, 2009.

5. Curiously, counsel for plaintiff includes my email of December 3, 2009 of 5:29 p.m. wherein I made note of Midland's requirement of a settlement agreement, a point I had mentioned previously but not in writing (Exhibit B to Bromberg Declaration.) What is curious is that although this email was sent on December 3rd, the next I heard from counsel was his email of December 18th demanding payment by the 24th or he would seek to enter judgment (Exhibit C to Bromberg Declaration.) Counsel chose in that email, and in this motion, not to mention the terms I had outlined previously. Due to the fact that the email of counsel was not sent until 7:00 p.m. on a Friday night, I did not see it until Monday morning the 21st, when I responded. In my email, I made note that I hoped that he recalled our discussions of Midland's requirement for a settlement agreement. I also pointed out that if his client wanted to walk away, he should proceed with the appeal (Exhibit D to Bromberg Declaration.)

2

2655823.1

6. The settlement agreement was sent to counsel that day at 6:24 p.m. with the added note that an IRS form 1099 was needed (Exhibit F to Bromberg Declaration.) This too was previously discussed and it is interesting to note that nowhere does counsel offer a document advising as to how to make the check payable or to provide the 1099 information. Just two minutes later, I reminded counsel for my other client I needed only a general release and the tax information (Exhibit E to Bromberg Declaration.)

7. Once again, counsel made no response to my emails of December 21, 2009 nor did I receive a telephone call from him at any point to discuss any concerns he may have had over the attempt to settle the case. Rather, on January 8, 2010, a Friday once again, and this time even later at 9:35 p.m., I received PDFs of releases from counsel (Exhibit G to Bromberg Declaration.) I was not provided with payment instructions nor any tax information. The following week was extremely hectic for me, but I did follow up with my clients to see if the deal could be reached for the releases instead of the settlement agreement. I received the follow up from counsel on the 12th now setting the 15th as the new "pay me or else" date which I could not get to until the 15th (Exhibit G to Bromberg Declaration.) At 6:04 p.m. on the 15th, I asked counsel for the opportunity to talk and I provided him with times I was available to talk, including on the upcoming holiday (Exhibit I to Bromberg Declaration.) His response was to file this motion at 9:05 p.m. that same evening. See attached Exhibit A.

8. This declaration is submitted for the sole purpose of setting straight the record so that this application can be denied. I have now secured the agreement of the two clients to issue their respective checks based upon the releases and to forge the settlement agreement. The checks were processed as soon as I finally received the tax number on January 19, 2010. I

3

2655823.1

expect to have both checks by Friday, February 29th and will immediately forward them to counsel upon receipt.

9. I am sorry that counsel had to trouble the Court with this motion. There was never a basis for the motion to be brought and it is respectfully requested that this motion be denied in all respects.

Dated: White Plains, New York
January 26, 2010

THOMAS A. LEGHORN

4

2655823.1