UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
WAI HOE LIEW A/K/A MICHAEL W. LIEW,
KHURRAM KAYANI, AND ELIZABETH K.
ATWOOD A/K/A ELIZABETH KING,

                Plaintiff,

-against-

COHEN & SLAMOWITZ, LLP, MITCHELL SELIP,
MITCHELL G. SLAMOWITZ, and DAVID A.
COHEN,

                Defendants.
-------------------------------------------------------------------- X

Case No.
1:14-cv-04868-KAM-MDG

**AFFIDAVIT OF DAVID A. COHEN IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISQUALIFY**

STATE OF NEW YORK    )
                                ) ss.:
COUNTY OF NASSAU    )

I, David A. Cohen, an attorney duly admitted to practice before the courts of this state, certify under penalty of perjury the truth of the following:

1. I am a partner in the firm of Cohen & Slamowitz LLP ("C&S") and Mitchell Pashkin was under my direct supervision while he was employed at C&S. I had direct contact with our defense counsel, Wilson Elser, with respect to *Coble et al v. Cohen & Slamowitz* throughout the course of that class action which is now concluded.

2. I am familiar with the facts and allegations of the instant matter.

3. I am also aware of the Affirmation submitted by Thomas Leghorn in support of defendants' Motion to Disqualify, as well as the Revised Affirmation of Thomas Leghorn being submitted in support of defendants' reply.

1

4. As the main attorney of record on the *Coble* matter, Thomas Leghorn was designated to deal with the confidential and critical issues related to our defense.

5. As an essential aspect of handling the confidential and critical issues related to our defense of the *Coble* matter, I directed Mitchell Pashkin to have direct contact with Thomas Leghorn while Pashkin was employed at C&S as a managing attorney. As part of Pashkin's responsibilities as managing attorney, he was responsible for providing substantive information to Mr. Leghorn and for representing my firm in matters such as the mediation session.

6. Thus, Thomas Leghorn's affirmations are appropriately submitted on defendants' behalf as they are based upon his personal knowledge.

7. Furthermore, despite plaintiffs' allegation to the contrary, defendants' Motion to Disqualify plaintiffs' attorney is brought by and is submitted on behalf of defendants, with their full and unwavering approval.

8. Lastly, Pashkin's affirmation contains many allegations of alleged falsehoods made by me, my firm's employees, and by attorneys employed by Wilson Elser, including Thomas Leghorn. Pashkin's allegations are simply untrue and, in my opinion, it is Pashkin who has been lying throughout this matter.

Dated: Woodbury, New York
January 7, 2015

_____
David A. Cohen

_____
Notary Public

ELLEN LEVINE
Notary Public, State of New York
No. 4996192
Qualified in Nassau County
Commission Expires May 11, ~~2006~~ 2018