# MITCHELL L. PASHKIN, ATTORNEY AT LAW

## DEBT COLLECTION DEFENSE      CONSUMER PROTECTION

## COURT ACTIONS, TRIALS AND APPEALS

Mitchell L. Pashkin, Esq., Principal

<u>Admitted</u>
**Supreme Court of the United States**
**Eastern, Southern and Western Federal District of New York**
**New York State**

T:  (631) 629-7709
F:  (631) 824-9328

[mpash@verizon.net](mailto:mpash@verizon.net)

<u>775 PARK AVENUE, STE. 255, HUNTINGTON, NY  11743</u>

Judge Kiyo A. Matsumoto
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     Wai Hoe Liew , et. al. v Cohen & Slamowitz, et. al
        Civil Action, File No. 2:14-cv-04868-KAM-MDG
        Request To Take Judicial Notice Under Federal Rules of Evidence 201 as Regards
        Defendants' Disqualification Motion

February 13, 2015

Dear Judge Matsumoto:

I represent the plaintiff.

Before you render a decision on Defendants' disqualification motion, I ask this court to take judicial notice under Federal Rules of Evidence 201 of the below mentioned websites, the information on these websites and the below-mentioned documents.  All of the relevant facts occurred after the submission of the motions papers; and I obtained one of the key documents this past Tuesday, February 10th via a mailing from Defendants in an unrelated debt collection case.

The information and documents relate squarely to one of the three alleged grounds for my disqualification.  They actually may even moot the entire issue of disqualification and the disqualification motion.

Respectfully, it is my understanding that based on this request and my provision of the required information and documents, this court taking judicial is not discretionary but rather required under Federal Rules of Evidence 201(c)(2).  This also is regardless of the timing of this request or the agreement to forego post-hearing submissions (I took this to mean follow-up legal arguments rather than new facts arising after the submission of the motions and after the hearing.).  See Effie Film, LLC v. Pomerance, 909 F. Supp. 2d 273 (S.D.N.Y., 2012):

> "A court *may* take judicial notice "on its own," Rule 201(c)(1), and *must* take judicial notice "if a party requests it and the court is supplied with the necessary information," Rule 201(c)(2). "The court may take judicial notice at any stage of the proceeding," Rule 201(d), and "[o]n timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed," Rule 201(e).").

Since the United States Court of Appeals for the Second Circuit has held that it can take judicial notice for the first time on appeal, in addition to the requirement under Federal Rules of Evidence 201(c)(2), I believe it makes sense for this court to take judicial notice of it at this point.  See United States v. Davis, 726 F.3d 357 (2nd Cir., 2013)

> "To be sure, we did not address the question of whether *this* Court could take judicial notice of such a fact for the first time on appeal, as the district court in that case had done so itself. We did, however, cite favorably three cases in which other courts of appeals took judicial notice of federal jurisdiction over particular lands even "where the prosecution [had] not offered direct evidence on the issue." *Id.* at 811 (citing*United States v. Lavender,* 602 F.2d 639, 641 (4th Cir.1979); *Gov't of Canal Zone v. Burjan,* 596 F.2d 690, 693–95 (5th Cir.1979); *United States v. Hughes,* 542 F.2d 246, 248 n. 1 (5th Cir.1976)). And since *Hernandez–Fundora,* we have observed that "appellate courts take judicial notice of legislative facts under appropriate circumstances," especially where they relate to "straightforward questions" such as "geography and jurisdiction." *Landell v. Sorrell,* 382 F.3d 91, 135 n. 24 (2d Cir.2002) (citing *Hernandez–Fundora,* 58 F.3d at 812),*rev'd on other grounds,*548 U.S. 230, 126 S.Ct. 2479, 165 L.Ed.2d 482 (2006); *see also Mills v. Denver Tramway Corp.,* 155 F.2d 808, 812 (10th Cir.1946) (holding that the trial court's failure to take judicial notice of a fact did not preclude a party from raising the issue for the first time on appeal or prevent the appellate court from noticing the fact on its own accord)."

## THE FACTS, WEBSITES AND DOCUMENTS

There is no longer an entity named Cohen & Slamowitz, LLP as shown by the result of an "Entity Search" on the New York State Department of State website, http://www.dos.ny.gov/corps/bus_entity_search.html, for an entity named Cohen & Slamowitz, LLP (Exhibit A).

Below are applicable portions of the websites of both Selip & Stylianou, LLP (www.seliplaw.com) and Eichenbaum & Stylianou (http://www.esnjlaw.com/home2.html) respectively.

"Selip and Stylianou, LLP was formed on January 1, 2015 as a partnership of professional corporations. It is the successor entity to Cohen & Slamowitz and Eichenbaum & Stylianou. We provide our clients with thorough, complete and comprehensive legal representation throughout the entire states of New York and New Jersey."

** We are pleased to announce that effective January 1, 2015 the partners and staff of Eichenbaum & Stylianou, LLC will be joining the Woodbury, New York law firm of Cohen & Slamowitz, LLP. Also effective January 1, 2015 Cohen & Slamowitz, LLP will be changing its name to Selip & Stylianou, LLP. **

See also Exhibit B.

Actually, if you go to http://www.esnjlaw.com/home2.html, after a several seconds the website automatically re-directs itself to www.seliplaw.com.

This past Tuesday, February 10th via a mailing from Defendants in an unrelated debt collection case, I received the letter attached as Exhibit C.  Exhibit D is the letter I received dated 7 days after they terminated me.

Based on Exhibit D, 7 days after my termination, Defendant Cohen & Slamowitz, LLP appears to have consisted of 2 limited liability partners, David A. Cohen, P.C. and Mitchell G. Slamowitz, P.C., with one office located in Woodbury, NY, and with Mitchell Selip being Of Counsel.

As shown above, Defendant Cohen & Slamowitz, LLP no longer exists; and based on Exhibit C, there is a new entity which consists of 5 limited liability partners, Mitchell Selip, P.C., Harry Stylianou, P.C., Andrew Eichenbaum, P.C., David A. Cohen, P.C. and Mitchell G. Slamowitz, P.C., an office in Paramus, NJ in addition to the prior office in Woodbury, NY and a law firm that now practices in NJ as opposed to just NY.  Defendant Cohen & Slamowitz, LLP practiced only in NY during my employment.

Finally, Mitchell Selip has gone from having his P.C. being an Of Counsel to having his P.C. be a limited liability partner and a named limited liability partner with the first part of the firm's URL being his last name.  As shown by Exhibit E, Defendant Cohen & Slamowitz, LLP was known as cslaw and there now is a new firm known as seliplaw.

As to above information, websites and documents being the type of which a court can and must take judicial notice, see Staehr v. Hartford Financial Services Group, Inc., 547 F.3d 406 (2nd Cir., 2008)

> "We have previously held that it is proper to take judicial notice of the *fact* that press coverage, prior lawsuits, or regulatory filings contained certain information, without regard to the truth of their contents, in deciding whether so-called "storm warnings" were adequate to trigger inquiry notice as well as other matters. *See Global Network Commc'ns, Inc. v. City of New York,* 458 F.3d 150, 157 (2d Cir.2006)"

In a different and unrelated FDCPA case against Cohen & Slamowitz, LLP this past Spring, I have been emailing their defense counsel, the same defense counsel in the case at bar, for weeks to seek their agreement to the court changing the caption to replace Cohen & Slamowitz, LLP with Selip & Stylianou, LLP.  I even recently sent him a copy of Exhibit A. They have ignored or failed to deny my assertions about the need and legal right to change the caption.  See Exhibit F.

**THE EFFECT ON THE PENDING DISQUALIFICATION MOTION AND DECISION**

One of the grounds for my alleged disqualification was my alleged possession of confidential information about Cohen & Slamowitz, LLP's net worth.  As shown above, Defendant Cohen & Slamowitz, LLP no longer exists; and based on Exhibit C, there is a new entity which consists of 5 limited liability partners, Mitchell Selip, P.C., Harry Stylianou, P.C., Andrew Eichenbaum, P.C., David A. Cohen, P.C. and Mitchell G. Slamowitz, P.C., an office in Paramus, NJ in addition to the prior office in Woodbury, NY and a law firm that now practices in NJ as opposed to just NY.  Defendant Cohen & Slamowitz, LLP practiced only in NY during my employment.

It seems impossible for anything I may have known about Cohen & Slamowitz, LLP's net worth to have any bearing on the net worth of the new successor entity Selip & Stylianou, LLP.  If nothing else, it certainly raises a substantial issue as to whether there has been a change in all the facts regarding the net worth and therefore whether or not any knowledge I may have had about Cohen & Slamowitz, LLP's net worth can have any bearing on this disqualification motion.  Neither conclusion, especially the raising of the above substantial issue requires this court to make a determination based on the above information, websites and documents.

Also, the fact or at least the appearance that there now are three new limited liability partners and the prior two named partners have been displaced in favor of two new named partners makes it likely that any litigation strategy that Cohen & Slamowitz may have employed in defending the Coble lawsuit would not be the same litigation strategy which this new firm would employ in defending the case at bar.  I certainly could have no knowledge of this probable different strategy.

For all the reasons that disqualification motions are heavily disfavored as well as the burden being on the movants and their burden being a heavy one, the above information, websites and documents and their above-mentioned effect should be deemed by this court to be factors added into the reasons against disqualifying me.

Sincerely,
*Mitchell L. Pashkin*
Mitchell L. Pashkin, Esq.